Filed 1/9/23  P. v. Rodriguez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RAUL RODRIGUEZ,<br><br>        Defendant and Appellant. | B317972<br><br>(Los Angeles County<br>Super. Ct. No. PA014564-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Reversed and remanded for further proceedings.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Raul Rodriguez was convicted of murder (Pen. Code,[1] § 187) in 1994. In 2020, he moved for a proceeding to present evidence related to a future youth offender parole hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and section 1203.01. The court summarily denied his motion. We agree with the parties that Rodriguez is entitled to a *Franklin* hearing and remand the matter for that purpose.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1993, when Rodriguez was 17 years old, he shot and killed Jose Salavia. He received a sentence of 15 years to life after pleading guilty in 1994 to second degree murder.

Acting in propria persona, Rodriguez filed a motion requesting a *Franklin* proceeding in November 2019. The trial court denied the motion without prejudice because it did not contain an offer of proof or a description of the types of evidence Rodriguez believed would be relevant to the motion.

In December 2019, Rodriguez filed a second motion for a *Franklin* proceeding. The trial court denied this motion without prejudice, stating, "In this case, [Rodriguez's] motion is nothing but a blanket assertion that he is entitled to a *Franklin* hearing 25 years after his conviction, without providing the court with an offer of proof, or a representation of the types of evidence that [Rodriguez] believes to be relevant for his motion." The court further asserted that Rodriguez failed to indicate whether he had been afforded a parole hearing pursuant to section 3051, and, if he had in fact had a parole hearing, what the results were.

---

[1]    Undesignated statutory references are to the Penal Code.

Still representing himself, Rodriguez filed a third motion requesting a *Franklin* proceeding on January 16, 2020. The court also denied this motion without prejudice, stating that Rodriguez had not provided any of the information required by the court, such as whether he had already had a parole hearing; and he failed to make an offer of proof regarding the evidence he sought to present that would allow the court to "determine whether such evidence is relevant to youth-related factors and meaningfully adds to the already available record."

This court granted Rodriguez's request for relief from default for failure to file a timely notice of appeal, and on February 17, 2022, Rodriguez appealed from the denial of the January 2020 petition.

## DISCUSSION

Section 3051 provides a parole eligibility mechanism for offenders convicted of offenses committed when they were 25 years old or younger. (§ 3051; *Franklin*, *supra*, 63 Cal.4th at pp. 277–278.) Subject to exceptions not applicable here, " '[S]ection 3051 . . . requires the Board to conduct a "youth offender parole hearing" during the 15th, 20th, or 25th year of a juvenile offender's incarceration. [Citation.] The date of the hearing depends on the offender's " '[c]ontrolling offense,' " which is defined as "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." ' " (*People v. Lipptrapp* (2021) 59 Cal.App.5th 886, 890 (*Lipptrapp*).) Rodriguez, convicted of a murder committed when he was 17 years old and sentenced to a term of less than 25 years to life, became eligible for release on parole at a youth offender parole hearing during the 20th year of his incarceration. (§ 3051, subds. (a)(2)(B), (b)(2) & (h).)

When assessing a prisoner's suitability for parole, the parole board is required to take into consideration "the diminished culpability of youth as compared to that of adults, the hallmark features of youth, and any subsequent growth and increased maturity" of the prisoner.  (§ 4801, subd. (c); § 3051, subd. (f)(1).)  The criteria for parole suitability provided in sections 3051 and 4801 "contemplate that the Board's decisionmaking at [the prisoner's] eventual parole hearing will be informed by youth-related factors, such as his cognitive ability, character, and social and family background at the time of the offense."  (*Franklin, supra,* 63 Cal.4th at p. 269.)

In *Franklin*, the juvenile defendant was sentenced to two consecutive sentences of 25 years to life prior to the enactment of sections 3051 and 4801.  (*Franklin, supra,* 63 Cal.4th at pp. 268, 276.)  Because the defendant, who was 16 years old when he committed murder, may not have had an "adequate opportunity at sentencing to make a record of mitigating evidence tied to his youth," the California Supreme Court remanded the matter to allow the trial court to determine "whether [the defendant] was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing."  (*Id.* at pp. 268–269, 284.)  The court ruled that if the defendant had not been afforded that opportunity, he could "place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing."  (*Id.* at p. 284.)  Additionally, the prosecution could present "any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors."  (*Ibid*.)  The purpose of these proceedings "is to provide an opportunity for the parties to

make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors [citation] in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime 'while he was a child in the eyes of the law.' " (*Ibid*.)

Section 1203.01[2] "gives the trial court authority to conduct an evidence preservation proceeding as envisioned in *Franklin*" for juvenile offenders whose convictions, like Rodriguez's, are final. (*In re Cook* (2019) 7 Cal.5th 439, 452 (*Cook*).) Juvenile offenders seeking to preserve evidence following a final judgment in the trial court may request a *Franklin* proceeding by filing a "motion in [the] superior court under the original caption and case number, citing the authority of section 1203.01 and [the *Cook*] decision." (*Id*. at p. 458.) The *Cook* court stated that "[t]he motion should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already

---

[2] Section 1203.01, subdivision (a), provides that after the judgment, "the judge and the district attorney [may file] a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. . . . The attorney for the defendant and the law enforcement agency that investigated the case may likewise file . . . statements of their views respecting the defendant . . . . Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof . . . to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered." (§ 1203.01, subd. (a).)

occurred." (*Ibid*.) However, "[t]he court's commentary about what a motion *should include* is not the same as creating mandatory pleading requirements." (*Lipptrapp, supra,* 59 Cal.App.5th at p. 896.)

We agree with the parties that because Rodriguez was sentenced in 1995, long before the effective date of section 3051 and the decision in *Franklin*, it appears he did not have a sufficient opportunity to present evidence relevant to his future youth offender parole hearing at the time of his initial sentencing. We also agree with the parties that Rodriguez's motion contained sufficient information for him to gain access to a *Franklin* hearing. "[T]here are no mandatory pleading requirements for a *Franklin* motion, and the required showing to initiate the process for a *Franklin* proceeding is minimal." (*People v. Howard* (2021) 74 Cal.App.5th 141, 150 (*Howard*).) Rodriguez included in his motion substantially all of the elements delineated in *Cook*. He filed the motion under his original case number, if not under the original caption, and the motion's title identified the requested relief he requested, the opportunity to develop a record pertaining to his suitability for parole under sections 1203.01 and 3051. Rodriguez stated he was a juvenile offender and that he sought to develop the court record with evidence of his maturity and culpability, the circumstances of the commitment offense, rehabilitation, and juvenile fitness. As the basis for the motion, he discussed sections 1203.01, 3051, and 4801, and the decisions in *Franklin* and *Cook*. "Consequently, the court was clearly notified about the basis for the motion as well as the cases giving the trial court authority to conduct evidence preservation proceedings." (*Lipptrapp, supra,* 59 Cal.App.5th at pp. 893–894.)

Rodriguez did not describe the evidence he planned to present or state whether he had already had a parole hearing, but his motion was nonetheless legally sufficient to initiate the process for a *Franklin* proceeding. (*Lipptrapp, supra,* 59 Cal.App.5th at pp. 893–894 [prisoner's failure to include the date of his next parole hearing in his *Franklin* motion was not a valid reason to summarily deny the motion]; *Howard, supra,* 74 Cal.App.5th at pp. 150–151 [prisoner is not required to describe the specific evidence he sought to introduce].) The court erred when it summarily denied the petition without giving Rodriguez an opportunity for evidence preservation.[3]

Because Rodriguez "was not given a sufficient opportunity to preserve evidence under *Franklin*," we reverse the court's order and remand the matter to the trial court with directions to conduct a *Franklin* proceeding. (*Howard, supra,* 74 Cal.App.5th at p. 153; *Lipptrapp, supra,* 59 Cal.App.5th at p. 897.)

---

[3] The trial court did not have the benefit of *Lipptrapp* and *Howard* when it made its ruling because they had not yet been decided.

## DISPOSITION

The order denying Rodriguez's motion for a proceeding to present evidence related to a future youth offender parole hearing is reversed. The matter is remanded to the trial court to conduct a *Franklin* proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

8